1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE SPITTAL,

11          Plaintiffs,              No. CIV S-05-2042 FDC GGH PS

12      vs.

13   APEL, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   BACKGROUND

17          This action, in which the plaintiff is proceeding pro se, has been referred to the

18   undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  On March 24, 2006, this court issued an

19   order analyzing and concluding that plaintiff qualifies as a vexatious litigant, and requiring

20   plaintiff to show cause why a vexatious litigant order should not be entered.  That order also

21   addressed plaintiff's amended complaint in the instant case, and informed him of its pleading

22   deficiencies which would require amendment.  After reviewing plaintiff's filings in opposition to

23   that order, and defendants' response, the court on April 13, 2006 ordered that no further filings

24   would be accepted from plaintiff until he posted a vexatious litigant bond in the amount of

25   $10,000.00, within thirty days of that order.  The only exception to the filing preclusion would be

26   "*one* document clearly entitled 'Request for Reconsideration of Magistrate Judge Order.'"  The

1

1    court warned plaintiff that if he did not post the required bond, the court would recommend that

2    this action be dismissed with prejudice and a further pre-filing vexatious litigant order would be

3    entered.  Plaintiff has not submitted the required bond since the issuance of the April 13, 2006

4    order.   Therefore, the court will recommend dismissal of this action and entry of the March 24,

5    2006 order as a vexatious litigant order.

6    VEXATIOUS LITIGANT ORDER

7              The vexatious litigant order set forth a summary of the seven previous cases filed

8    by plaintiff as well as the instant case.  In all of the cases, plaintiff has sued the Sacramento City

9    Unified School District, its Board members and employees as well as lawyers who defend the

10   SCUSD and judges who rule against plaintiff in his lawsuits.  The suits are based on his

11   disagreements with school personnel who he believes makes his job as a substitute teacher with

12   the SCUSD more difficult, or who disagree with his sometimes vitriolic viewpoint.

13             As the court stated previously in summarizing these eight actions, plaintiff clearly

14   qualifies as a vexatious litigant based on his having filed five or more cases which were

15   adversely decided in the past seven years, his repeated attempts to either re-litigate past decisions

16   or the same claims, and his having filed numerous frivolous motions, especially motions for

17   contempt and reconsiderations in past litigations.  Based on the number and content of these

18   cases, the court at first tentatively required the posting of a security bond, and later directed the

19   filing of that bond in the April 13, 2006 order.  Due to plaintiff's failure to file the bond and file a

20   request for reconsideration of the preliminary vexatious litigant order, as well as his failure to

21   show cause why the vexatious litigant order should not be entered, in accordance with this

22   court's March 24 and April 13 orders, the court now recommends that the district court enter a

23   vexatious litigant order.

24   DISMISSAL OF THE INSTANT ACTION

25             In the March 24th order, plaintiff was informed of the deficiencies of his amended

26   complaint.  He was directed to respond to the order to show cause why a vexatious litigant order

2

1   should not issue before he would be permitted to amend.   Plaintiff did not respond to that order

2   to show cause.  Therefore, the April 13th order required him to first post bond, and if it was not

3   posted in thirty days, the court warned plaintiff that it would recommend the instant action be

4   dismissed with prejudice.  Plaintiff was also permitted to file a request for reconsideration.  No

5   bond was posted, and plaintiff did not file a motion for reconsideration.  Based on plaintiff's

6   failures to comply with the aforementioned orders and due to the pleading deficiencies of the

7   amended complaint as set forth in the March 24, 2006 order, this court now recommends that the

8   instant action be dismissed with prejudice.

9   CONCLUSION

10                   Accordingly, IT IS HEREBY RECOMMENDED that:

11               1.  The following pre-filing review order be entered based on the court's March

12   24, 2006 vexatious litigant order:   (1) Plaintiff shall not initiate any further pro se action in this

13   court unless the pleadings initiating the action are accompanied by a declaration under penalty of

14   perjury that explains why plaintiff believes he has meritorious claims.  The declaration shall

15   include a list of all previous actions plaintiff has filed in this or any court, identifying named

16   defendants and all claims made in the previous actions.  Plaintiff shall certify that the defendants

17   named in the proposed action have never before been sued by plaintiff, or alternatively that any

18   claims against previously sued defendants are not related to previous action[s].  The declaration

19   shall also state that the claims are not frivolous or made in bad faith, and that plaintiff has

20   conducted a reasonable investigation of the facts and the investigation supports his claim(s).

21   Further, plaintiff shall show cause why the Judge who reviews the proposed action should not

22   require him to post a bond.  Finally, a copy of this order shall be attached to any application.  (2)

23   The Clerk shall not file or lodge any action submitted pro se by plaintiff unless it is accompanied

24   by the required declaration and a copy of the instant order; any such incomplete filings shall be

25   returned to plaintiff without further action of the court.  (3) If plaintiff files a pro se action

26   accompanied by the required declaration, the Clerk shall open the matter as a miscellaneous case

1  to be considered by the General Duty Judge of this court.  The judge will issue necessary orders

2  after making a determination whether the case should be filed under the appropriate standards

3  and pertinent law.

4                 2.  This action be dismissed with prejudice.

5                 These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

7  (10) days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within ten (10) days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: 7/25/06

                                         /s/ Gregory G. Hollows

14

15                                       GREGORY G. HOLLOWS

                                     UNITED STATES MAGISTRATE JUDGE

16  GGH:076
    Spittal2042.vex.wpd

17

18

19

20

21

22

23

24

25

26